Jonathan A. Michaels, Esq. – CA State Bar No. 180455
(jmichaels@mlgaplc.com)
Ryan D. Jones, Esq. – CA State Bar No. 301138
(rjones@mlgaplc.com)
**MLG, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908

Attorneys for Plaintiff,
Chaunea Jackson

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNEA JACKSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., a California Corporation; and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301, ET SEQ**<br><br>2. **NEGLIGENCE;**<br><br>3. **STRICT LIABLITY – DESIGN DEFECT;**<br><br>4. **STRICT LIABILTY-- MANUFACTURING DEFECT**<br><br>5. **BREACH OF EXPRESS WARRANTY; AND**<br><br>6. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** |

1

**COMPLAINT**

# – JURY TRIAL DEMANDED –
# THE PARTIES

1. At all times mentioned in this Complaint, Plaintiff Chaunea Jackson, is, and at all relevant times was, an individual residing in Chicot County in the State of Arkansas.

2. Plaintiff is informed and understand that Defendant Nissan North America, Inc. was and is a California corporation existing under the laws of California with its principal place of business in Williamson County, Tennessee. At all times mentioned here, Defendant Nissan North America, Inc. was engaged in the business of manufacturing and distributing automobiles in the State of California.

3. Plaintiff is unaware of the true names of Does 1 through 25 and therefore sue them by such fictitious names and will ask for leave of Court to insert their true names when such have been ascertained.

# JURISDICTION AND VENUE

### A.  Subject Matter Jurisdiction

4. This Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. §§ 1331, 1961, 1962 and 1964, because Plaintiffs' Magnusson-Moss claims arise under federal law.

5. Additionally, this Court has jurisdiction over the subject matter presented by this Complaint because this is a dispute among parties of different states, making the matter completely diverse as defined by 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.

### B.  Personal Jurisdiction

6. This Court has personal jurisdiction over Plaintiff Chaunea Jackson as the Plaintiff consents to such jurisdiction.

7. This Court has personal jurisdiction over Defendant Nissan North America, Inc. because it is incorporated under the laws of California and engages in significant business throughout the State of California, thus providing this district with jurisdiction.

**C.     Venue**

8.     Venue in this District is proper under 28 U.S.C. § 1391(d) because Defendant Nissan North America, Inc., as a California Corporation, is deemed to reside in any district in which it is subject to personal jurisdiction.  The Plaintiff consents to the venue of the Court.

## STATEMENT OF OPERATIVE FACTS

9.     In January 2016, Plaintiff Chaunea Jackson's grandmother, Raye Moss, purchased a 2015 Nissan Altima (VIN: 1N4AL3AP2FC4930722111).  At the time, the Plaintiff's family saw and relied upon advertising campaigns from Nissan North America, Inc. for the Altima, including advertising prepared by Nissan North America, Inc. and disseminated by its dealer network discussing the vehicle's safety features.  The Plaintiff's family's motivation for purchasing the Nissan Altima was to obtain a safely designed and manufactured vehicle for themselves.

10.    On September 14, 2018, Plaintiff's grandmother, Raye Moss, was driving the Nissan Altima with Plaintiff in the passenger seat when it was involved in a collision when crossing through an intersection.  The second vehicle

involved in the collision struck the front passenger-side door of the Nissan Altima, forcing the Nissan Altima off the road and into a ditch.  Raye Moss was pronounced dead shortly after the collision.  Plaintiff was airlifted to a nearby hospital and treated for a concussion and three different fractures to her pelvis.

11. To the surprise and horror of Plaintiff, the Nissan Altima front and side passenger airbags failed to engage and deploy.  Instead of being kept safely in her seat, Plaintiff's head and body suddenly and violently slammed into the interior of the vehicle.  She was airlifted to a nearby hospital where she was treated for the severe injuries to her head and body.  Had the Nissan Altima's airbag deployed successfully, her injuries would have been less severe.

12. Plaintiff did not know, or reasonably could have known, that the vehicle airbag system would not deploy.  Had the Plaintiff's family known about the Nissan Altima's's defective airbag at the date of purchase, they would have either demanded its immediate repair and replacement or never would never have purchased the vehicle at all, and never would have been a passenger in the Nissan Altima.

5

**COMPLAINT**

# **FIRST CAUSE OF ACTION**

# **NEGLIGENCE**

# **(Against All Defendants)**

13. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

14. 28 U.S.C. § 1332 (a)-(d) gives this Court jurisdiction to decide claims brought under 15 U.S.C. § 2301.

15. The amount in controversy of Plaintiff's claim meets or exceeds $50,000 in value (exclusive of interest and costs) based on all claims to be determined in this lawsuit.

16. Plaintiff's vehicle is a "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3).

18. The Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. section 2301(4)-(5).

19. Section 2310(d)(1) of the Magnuson-Moss Warranty Act provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

20. Plaintiff was provided with an implied warranty of merchantability as defined by 15 U.S.C. § 2301(7). By this warranty, the 2015 Nissan Altima vehicle was fit for its ordinary purpose of a safe passenger vehicle, and would conform in the trade as designed, manufactured, and marketed, and was adequately contained, packaged, and labeled.

21. The 2015 Nissan Altima did not perform as promised, and was not as warranted.

22. Defendant Nissan North America, Inc. failed to repair the 2015 Nissan Altima as required by the warranty.

23. Chaunea Jackson was harmed by the 2015 Nissan Altima.

24. The failure of the 2015 Nissan Altima to perform safely was a substantial factor in causing to be as represented was a substantial factor in causing Chaunea Jackson's harm.

25. As a direct and proximate cause of Nissan North America, Inc.'s conduct, Chaunea Jackson has sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

26. Plaintiff is also entitled to reasonable attorneys' fees pursuant to 15 U.S.C. § 2310(d)(2).

## **SECOND CAUSE OF ACTION**

### NEGLIGENCE

**(Against All Defendants)**

27. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

28. Defendant Nissan North America, Inc. designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2015

8

**COMPLAINT**

Nissan Altima purchased by the Plaintiff's family, driven by Raye Moss and occupied by Plaintiff Chaunea Jackson.

29. Defendant Nissan North America, Inc. had a duty to use reasonable care in the engineering, design, manufacture, testing, assembly, marketing, advertising, and distribution of the 2015 Nissan Altima, such that the vehicle would function safely in foreseeable circumstances.

30. Defendant Nissan North America, Inc. breached its duty during by manufacturing, distributing and placing into the stream of commerce the 2015 Nissan Altima with a defective passenger airbag system.

31. As a direct and proximate cause of Nissan North America, Inc.'s conduct, Chaunea Jackson in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

## STRICT LIABILITY – DESIGN DEFECT

## (Against All Defendants)

32. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

33. Defendant Nissan North America, Inc. designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2015 Nissan Altima purchased by the Plaintiff's family, driven by Raye Moss, and occupied by Plaintiff Chaunea Jackson.

34. The 2015 Nissan Altima purchased by the Plaintiff's family, driven by Raye Moss, and occupied by Plaintiff Chaunea Jackson. did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

35. Chaunea Jackson was harmed by the 2015 Nissan Altima.

36. The failure to 2015 Nissan Altima to perform safely was a substantial factor in causing Chaunea Jackson's harm.

37. As a direct and proximate cause of Nissan North America, Inc.'s conduct, Chaunea Jackson has sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

## STRICT LIABILITY – MANUFACTURING DEFECT

**(Against All Defendants)**

38. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

39. Defendant Nissan North America, Inc. designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2015 Nissan Altima purchased by Plaintiff's family, driven by Raye Moss and occupied by Plaintiff Chaunea Jackson.

40. The 2015 Nissan Altima purchased by the Plaintiff's family, driven by Raye Moss and occupied by Plaintiff Chaunea Jackson contained a manufacturing defect when it left Nissan North America, Inc.'s possession.

41. Chaunea Jackson was harmed by the 2015 Nissan Altima.

42. The failure of the 2015 Nissan Altima to perform safely was a substantial factor in causing Chaunea Jackson's harm.

43. As a direct and proximate cause of Nissan North America, Inc.'s conduct, Chaunea Jackson has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

### (Against All Defendants)

44. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

45. Defendant Nissan North America, Inc. designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2015 Nissan Altima purchased by the Plaintiff's family, driven by Raye Moss and occupied by Plaintiff Chaunea Jackson.

46. Defendant Nissan North America, Inc. gave Plaintiff Chaunea Jackson a written warranty that the 2015 Nissan Altima would be free of defect, and that it could be safely used for its foreseeable purpose.

47. The 2015 Nissan Altima did not perform as promised, and was not as warranted.

48. Defendant Nissan North America, Inc. failed to repair the 2015 Nissan Altima as required by the warranty.

49. Chaunea Jackson was harmed by the 2015 Nissan Altima.

50. The failure of the 2015 Nissan Altima to perform safely was a substantial factor in causing to be as represented was a substantial factor in causing Chaunea Jackson's harm.

51. As a direct and proximate cause of Nissan North America, Inc.'s conduct, Chaunea Jackson has sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

52. Plaintiff is also entitled to a statutory penalty pursuant to Cal. Civ. Code § 1794(c), and Plaintiff's reasonable attorneys' fees pursuant to Cal. Civ. Code § 1794(d).

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Against All Defendants)

53. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

54. Defendant Nissan North America, Inc. designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2015 Nissan Altima purchased by the Plaintiff's family, driven by Raye Moss and occupied by Plaintiff Chaunea Jackson.

55. At the time of purchase, Defendant Nissan North America, Inc. was in the business of selling consumer vehicles, and held itself out as having special knowledge and skill regarding these goods.

56. The 2015 Nissan Altima was not of the same quality as those generally acceptable in the trade, nor was not fit for the ordinary purposes for which such goods are used.

57. Chaunea Jackson was harmed by the 2015 Nissan Altima.

58. The failure of the 2015 Nissan Altima to have the expected quality was a substantial factor in causing Chaunea Jackson's harm.

59. As a direct and proximate cause of Nissan North America, Inc.'s conduct, Chaunea Jackson has sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

60. Plaintiff is also entitled to a statutory penalty pursuant to Cal. Civ. Code § 1794(c), and Plaintiff's reasonable attorneys' fees pursuant to Cal. Civ. Code § 1794(d).

**WHEREFORE,** Plaintiff prays that the Court award them:

First Cause of Action

1. Compensatory damages.

2. A statutory penalty pursuant to Cal. Civ. Code § 1794(c).

3. Reasonable attorneys' fees pursuant to 15 U.S.C. § 2310(d)(2).

Second Cause of Action

1. Compensatory damages.

Third Cause of Action

1. Compensatory damages.

2. Punitive damages.

Fourth Cause of Action

1. Compensatory damages.

2. Punitive damages.

Fifth Cause of Action

1. Compensatory damages.

  2.  A statutory penalty pursuant to Cal. Civ. Code § 1794(c).

  3.  Reasonable attorneys' fees pursuant to Cal. Civ. Code § 1794(d).

Sixth Cause of Action

  1.  Compensatory damages.

  2.  A statutory penalty pursuant to Cal. Civ. Code § 1794(c).

  3.  Reasonable attorneys' fees pursuant to Cal. Civ. Code § 1794(d).

All Causes of Action

  1.  Costs of suit herein incurred;

  2.  Interest as provided by law.

  3.  For such other and further relief as the Court may deem just and proper.

                  **MLG, APLC**

Dated: December 4, 2019     By: *Jonathan A. Michaels*
                   Jonathan A. Michaels, Esq.
                   Ryan D. Jones, Esq.
                   Attorneys for Plaintiff,
                   Chaunea Jackson